IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SHIRLEY A. CUNNINGHAM, )
)
    Plaintiff, )
)
VS. ) No. 11-1346-JDT
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )
)
    Defendant. )

ORDER REVERSING COMMISSIONER'S DECISION AND
REMANDING PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

    This action was filed by the Plaintiff, Shirley A. Cunningham, to obtain judicial review of the defendant Commissioner's final decision denying her applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* Plaintiff's applications for benefits were denied initially and upon reconsideration by the Social Security Administration. At the Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on June 15, 2010. (R. 27-47.) On July 2, 2010, the ALJ issued a decision finding that Plaintiff was not disabled. (R. 14-21.) The Appeals Council denied Plaintiff's request for review on September 12, 2011. (R. 1-5). Thus, the ALJ's decision became the final decision of the Commissioner.

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. The reviewing court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* Judicial review is limited to determining whether or not there is substantial evidence in the record as a whole to support the Commissioner's decision, and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604–08 (6th Cir. 2009); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010).

Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion. *Perales*, 402 U.S. at 401; *Lindsley*, 560 F.3d at 604-05; *Kyle*, 609 F.3d at 854. The Commissioner, not the reviewing court, is charged with the duty to weigh the evidence, to make credibility determinations, and to resolve material conflicts in the testimony. *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). In addition, if the decision is supported by substantial evidence, it should not be reversed even if substantial evidence also supports the opposite conclusion. *See Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

Plaintiff was born on April 7, 1968, and received a high school diploma. (R. 129, 139.) She has past relevant work experience as a child care attendant, factory worker, and

nurse's aid. (R. 135.) Plaintiff alleged that she became disabled on August 11, 2006, due to bipolar disorder. (R. 134.)

In his decision, the ALJ found that Plaintiff met the non-disability insured status requirements through September 30, 2009, and had not engaged in substantial gainful activity since her alleged disability onset date. (R. 16.) The ALJ also found that Plaintiff's bipolar disorder was a severe impairment and that her impairments did not, either singly or in combination, meet or medically equal a listed impairment in 20 C.F.R., Pt. 404, Subpt. P, Appendix 1. (R. 16.) He determined that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were not fully credible. (R. 19-20.) The ALJ further found that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels. However, she could perform only simple and low-level tasks; could maintain concentration and focus to perform simple and low-level tasks as well as simple tasks; could not do jobs requiring intense concentration, attention, and focus; could not do jobs involving deadlines or having production quotas; could work with the general public and relate appropriately with coworkers and supervisors; and could adapt to change in the workplace. (R. 18-20.) Relying on the testimony of a vocational expert, the ALJ also determined that, given her residual functional capacity, Plaintiff was able to perform her past relevant work as a child care attendant and nurse's aid. (R. 20.) Accordingly, Plaintiff was not under a disability at any time through the date of the decision. (R. 20-21.)

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The initial burden of going forward is on the claimant to show that she is disabled from engaging in her former employment; the burden then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. *Id.*; *see Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). The claimant bears the ultimate burden of establishing an entitlement to benefits. *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993).

In determining disability, the Commissioner conducts a five-step sequential analysis, as set forth in 20 C.F.R. § 404.1520 and § 416.920:

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
2. An individual who does not have a severe impairment will not be found to be disabled.
3. A finding of disability will be made without consideration of vocational factors if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment found in 20 C.F.R. Part 404, Subpart. P, Appendix 1.
4. An individual who can perform work that she has done in the past will not be found to be disabled.
5. If an individual cannot perform her past relevant work, other factors including age, education, past work experience, and residual functional capacity will be considered to determine if other work can be performed.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Further analysis is unnecessary if it is determined that an individual is not disabled at any point in this sequential evaluation process. *Id.*; *see also Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002).

Here, the analysis proceeded to step four, where the ALJ determined that Plaintiff was able to do her past work.

Plaintiff contends that the ALJ erroneously failed to find, at step two of the sequential evaluation process, that her borderline-to-mild mental retardation was a severe impairment; erred in determining that her mental impairment does not meet Listing 12.04C.2 or 12.05C; and failed to properly evaluate the opinion evidence in the record. Thus, she contends the determination that she has the ability to return to her past relevant work is not supported by substantial evidence.

Plaintiff first contends the ALJ erred in failing to find, at step two, that her borderline-to-mild mental retardation was a severe impairment. In the Sixth Circuit, the claimant's burden in establishing that she has a severe impairment is light. The Court of Appeals has explained that

> the claimant's burden of proof at step two "has been construed as a *de minimis* hurdle in the disability determination process . . . [A]n impairment can be considered *not* severe only if it is a slight abnormality that *minimally* affects work ability regardless of age, education, and experience." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) (emphasis added) (citing *Farris v. Sec'y of Health and Human Serv.*, 773 F.2d 85, 89-90 (6th Cir. 1985)). *See also Bowen v. Yuckert*, 483 U.S. 137, 158-59, 107 S. Ct. 2287, 96 L.Ed.2d 119 (1987) ("Only those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits without undertaking this vocational analysis.") (O'Connor, J., concurring). Furthermore, step-two severity review is used primarily to "screen out totally groundless claims." *Farris*, 773 F.2d at 89.

*Germany-Johnson v. Comm'r of Soc. Sec.*, 313 F. App'x 771, 774 (6th Cir. 2008).

In this case, the ALJ acknowledged that Plaintiff's school records showed she was in special education classes and that her IQ scores were in the range of mental retardation. However, the ALJ then stated, "the claimant's adaptive functioning is not consistent with a diagnosis of mental retardation." (R. 17.) The only evidence he cites for this finding is Plaintiff's testimony regarding her daily activities[1] and the fact that she was able to engage in substantial gainful activity after reaching adulthood. In the face of other significant evidence in the record that Plaintiff has borderline-to-mild mental retardation that more than minimally affects her work ability, this finding is not supported by substantial evidence.

The Commissioner argues that once the ALJ finds *any* severe impairment at step two, the failure to find that another particular impairment is severe is harmless error, citing *Maziarz v. Sec'y of Health and Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). That is true if the ALJ then fully considers all of the claimant's impairments throughout the rest of the sequential evaluation process. However, due to the ALJ's combined errors in this case, the Court finds he did not fully consider the evidence of Plaintiff's mental retardation.

In discussing the opinion evidence in the record, the ALJ credited the opinion of a state agency non-treating psychologist, Dr. Andrew Phay, Ph.D., who reviewed Plaintiff's records through July 2008 and determined that she had only mild to moderate mental

---

[1] The ALJ stated that Plaintiff was "married to a pastor, cares for her two [minor] children, . . . has a driver's license, does her own housework, goes grocery shopping, attends church, and is a Sunday School secretary who 'takes minutes'." (*Id.*) None of these activities is inconsistent with a diagnosis of borderline-to-mild mental retardation. *Cf. Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248-49 (6th Cir. 2007) (routine, minimal daily activities are not comparable to typical work activities).

limitations. (R. 436-452.) In doing so, the ALJ gave "little weight" to the opinions of two examining psychologists, Dr. Dennis W. Wilson, Ph.D. and Dr. Robert W. Kennon, Ph.D. Both Dr. Wilson and Dr. Kennon found that Plaintiff had moderate to marked deficiencies in several areas and exhibited borderline-to-mild mental retardation. (R. 426-433, 507-591.)

The opinion of an examining physician is generally given more weight than that of a non-examining medical source. *See* 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1). However, an ALJ need not give "good reasons" for rejecting the opinion of an examining but non-treating source. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875-76 (6th Cir. 2007) (recognizing that the requirement in §§ 404.1527(c)(2) and 416.927(c)(2) that the SSA give "good reasons" for rejecting the opinion of a medical source applies only to *treating* sources). Nevertheless, an ALJ should properly evaluate the opinion evidence from each medical source in the record by considering the factors set out in the regulations, including whether the opinion is supported by medical signs, laboratory findings, and detailed explanation; whether the opinion is consistent with the record as a whole; the specialty of the medical source; and how familiar the source is with the other evidence in the record. 20 C.F.R. §§ 404.1527(c)(3)-(6) & 416.927(c)(3)-(6).

The only reason given by the ALJ for rejecting the opinions of Dr. Wilson and Dr. Kennon, the examining sources, was that Dr. Phay's opinion was more consistent with the treatment evidence in the record and that Dr. Wilson and Dr. Kennon only examined Plaintiff one time. (R. 20.) However, the opinions of Dr. Wilson and Dr. Kennon are supported by contemporaneous psychological tests and detailed explanations of their conclusions. Both

Dr. Wilson and Dr. Kennon are also psychologists, and it appears to the Court that their conclusions are consistent with the evidence in the record as a whole. The ALJ made no attempt to explain how those opinions are less consistent with the evidence in the record than the opinion of Dr. Phay. Therefore, the Court finds the ALJ failed to properly evaluate the opinions of Dr. Wilson and Dr. Kennon.

Because the ALJ did not properly evaluate crucial opinion evidence, his consideration of whether Plaintiff met or equaled Listing 12.04 or Listing 12.05, his formulation of Plaintiff's residual functional capacity, and the conclusion that she was able to return to her past relevant work are all flawed and are not supported by substantial evidence. Consequently, the Commissioner's decision is REVERSED, and the case is remanded for further proceedings under sentence four of 42 U.S.C. § 405(g).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE